UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIKI LIVINGSTON

       Plaintiff,                           CASE NO.

vs.

CITY OF MIAMI BEACH,
OFFICER JESUS DOMINGUEZ, and
OFFICER MICHELLE SAYEGH,

       Defendants.
_____/

## COMPLAINT

This is a civil action seeking money damages in excess of $15,000, exclusive of costs, interest, and attorney's fees, against CITY OF MIAMI BEACH, FLORIDA, JESUS DOMINGUEZ, individually, and MICHELLE SAYEGH, individually.

## BRIEF SUMMARY OF THE CASE

1. DEFENDANTS JESUS DOMINGUEZ and MICHELLE SAYEGH, acting under color of state law in their capacity as officers for DEFENDANT CITY OF MIAMI BEACH, FLORIDA, detained and arrested PLAINTIFF without reasonable suspicion, arguable probable cause, or actual probable cause that PLAINTIFF had committed any crime, and with no other basis in law to justify the arrest.

2. PLAINTIFF was unlawfully arrested for Failure to Change Address on her Vehicle Registration, pursuant to Florida Statute 320.02(4), and thereby was subjected to unlawful and false arrest, false imprisonment, excessive force, malicious prosecution, and battery.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth Amendment and Fourteenth Amendment of the United States Constitution, and the laws of the State of Florida. The United States District Court for the Southern District of Florida has

jurisdiction of this action under 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. PLAINTIFF further invokes the supplemental jurisdiction of the United States District Court for the Southern District of Florida under 28 U.S.C. § 1367(a) to hear pendent State tort claims arising under State law, pursuant to U.S.C. § 1367(a).

4. PLAINTIFF presented her claims in writing to DEFENDANT CITY OF MIAMI BEACH by means of a notice of claim letter in full satisfaction of Florida Statute § 768.28 within three (3) years of the accrual of the causes of action.

5. DEFENDANT CITY OF MIAMI BEACH never made final disposition of the written claims of PLAINTIFF within six (6) months of their presentation.

## PARTIES

6. PLAINTIFF NIKI LIVINGSTON (hereinafter PLAINTIFF) is presently a resident of Miami-Dade County, Florida and is subject to the jurisdiction of this Court.

7. At all times material, DEFENDANT JESUS DOMINGUEZ (hereinafter DEFENDANT DOMINGUEZ) was acting under color of law as an officer for CITY OF MIAMI BEACH, FLORIDA, and in such capacity as an agent, servant, and employee of CITY OF MIAMI BEACH, FLORIDA.

8. At all times material, DEFENDANT MICHELLE SAYEGH (hereinafter DEFENDANT SAYEGH) was acting under color of law as an officer for CITY OF MIAMI BEACH, FLORIDA, and in such capacity as an agent, servant, and employee of CITY OF MIAMI BEACH, FLORIDA.

9. DEFENDANT CITY OF MIAMI BEACH, (hereinafter DEFENDANT CITY OF MIAMI BEACH), is organized and existing under the Constitution and laws of the State of Florida. In this cause, DEFENDANT CITY OF MIAMI BEACH acted through its agents, employees, and servants, including DEFENDANT DOMINGUEZ and DEFENDANT SAYEGH.

# FACTS

10. On April 4, 2016, at or about 1:00 am, PLAINTIFF was driving a Dodge and was the subject of a traffic stop at or near Collins Avenue and 17th Street in Miami Beach, in Miami-Dade County, Florida.

11. The Miami-Beach Police officers involved claim that the traffic stop was made for failure to stop at a red light and failure to wear a seat belt, which also allowed for a fishing expedition into their inexplicable and unsubstantiated belief that the Defendant possessed drugs.

12. Contrary to the allegations, PLAINTIFF *did not* fail to stop at a red light, and *was* wearing her seat belt. PLAINTIFF had permission to drive the vehicle, which is titled in the State of Tennessee in name of PLAINTIFF's mother, Linda Johnson.

13. PLAINITFF remained seated in the vehicle upon pulling her vehicle over to the side of the road.

14. DEFENDANT DOMINGUEZ and DEFENDANT SAYEGH, as well as multiple other unknown police officers employed by DEFENDANT CITY OF MIAMI BEACH, immediately removed PLAINTIFF from her vehicle and placed PLAINTIFF in handcuffs.

15. DEFENDANT DOMINGUEZ and DEFENDANT SAYEGH, as well as multiple other unknown police officers employed by DEFENDANT CITY OF MIAMI BEACH, then began to badger PLAINTIFF for a confession as to drug possession.

16. PLAINTIFF did not admit to anything, as PLAINTIFF did not possess any drugs.

17. PLAINTIFF's vehicle and person were then subject to a humiliating and very thorough roadside search by DEFENDANT DOMINGUEZ and DEFENDANT SAYEGH, as well as multiple other unknown police officers employed by DEFENDANT CITY OF MIAMI BEACH.

18. An unknown police officer employed by DEFENDANT CITY OF MIAMI BEACH then physically battered PLAINTIFF by chest-bumping her, in an attempt to goad

PLAINTIFF into a physical altercation.

19. PLAINTIFF did not respond to the provocation by unknown police officer employed by DEFENDANT CITY OF MIAMI BEACH.

20. No drugs, drug paraphernalia, or indicia of the same, were ever recovered by police officers.

21. DEFENDANT DOMINGUEZ and DEFENDANT SAYEGH then illegally arrested PLAINTIFF and charged PLAINTIFF with one misdemeanor offense: violation of Florida Statute 320.02(4), requiring a registered owner of a vehicle to notify DHSMV within thirty days of a change in address.

22. Defendant is not the registered owner of the vehicle in question, which was known to DEFENDANT DOMINGUEZ and DEFENDANT SAYEGH at the time of the arrest.

23. DEFEDNANT DOMINGUEZ and DEFENDANT SAYEGH also charged PLAINTIFF with four citations: failure to change the DHSMV address of record within 30 days of the change, pursuant to Florida Statute 322.19(2); failure to have proof of insurance, pursuant to Florida Statute 316.646(1); failure to Stop at a Red Light, pursuant to Florida Statute 316.075(1)(c)(1), and failure of the driver of a vehicle to wear a seat belt, pursuant to Florida Statute 316.614(4)(b)—and took her to a Miami Beach Police Department facility for processing.

24. PLAINTIFF did in fact have proof of insurance.

25. PLAINTIFF did not possess a Florida Driver License at the time of the arrest, and as such, Florida Statute 322.19(2) was not applicable to PLAINTIFF.

26. PLAINTIFF's arrest was made entirely out of spite for the ill-formed belief that PLAINTIFF had lied to the police officers involved.

27. PLAINTIFF was kept confined in custody for several hours, and released later that day pursuant to a posted bond, on April 4, 2016.

28. The office of Katherine Fernandez Rundle, the State Attorney in and for the Eleventh Judicial Circuit in Miami-Dade County, Florida, entered a "nolle prosequi" in

PLAINTIFF's criminal case on May 18, 2016.

29. In addition, two of the four traffic infractions issued to PLAINTIFF in connection with the arrest—failure to change the DHSMV address of record within 30 days of the change, pursuant to Florida Statute 322.19(2) and failure to have proof of insurance, pursuant to Florida Statute 316.646(1)—were dismissed on May 18, 2016.

30. The two remaining traffic infractions—failure to Stop at a Red Light, pursuant to Florida Statute 316.075(1)(c)(1), and failure of the driver of a vehicle to wear a seat belt, pursuant to Florida Statute 316.614(4)(b)—were dismissed on October 21, 2016.

## CAUSES OF ACTION

## COUNT I

## FALSE ARREST/FALSE IMPRISONMENT CLAIM BY PLAINTIFF AGAINST DEFENDANT SAYEGH, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against DEFENDANT SAYEGH, individually, in Count I, PLAINTIFF states:

31. PLAINTIFF realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 30.

32. DEFENDANT SAYEGH directly or proximately caused PLAINTIFF's arrest in the absence of probable cause that the PLAINTIFF committed any criminal offense.

33. The conduct of DEFENDANT SAYEGH toward PLAINTIFF, as set forth herein, was objectively unreasonable, and in violation of PLAINTIFF's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from unreasonable search and seizure, and to be free from arrest and imprisonment in the absence of probable cause.

34. As a direct and proximate cause of the acts described above, PLAINTIFF suffered great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

35. As a further direct and proximate result of DEFENDANT SAYEGH's actions as set forth herein, PLAINTIFF suffered loss of her liberty and freedom, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights. PLAINTIFF has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, PLAINITFF prays:

a) Judgment for compensatory damages in excess of $15,000;

b) Judgment for exemplary damages;

c) Cost of suit;

d) Reasonable attorney's fees, pursuant to 42 U.S.C § 1988;

e) Trial by jury as to all issues so triable; and

f) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II

### FALSE ARREST/FALSE IMPRISONMENT CLAIM BY PLAINTIFF AGAINST DEFENDANT DOMINGUEZ, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against DEFENDANT DOMINGUEZ, individually, in Count II, PLAINTIFF states:

36. PLAINTIFF realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 30.

37. DEFENDANT DOMINGUEZ directly or proximately caused PLAINTIFF's arrest in the absence of probable cause that the PLAINTIFF committed any criminal offense.

38. The conduct of DEFENDANT DOMINGUEZ toward PLAINTIFF, as set forth

herein, was objectively unreasonable, and in violation of PLAINTIFF's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from unreasonable search and seizure, and to be free from arrest and imprisonment in the absence of probable cause.

39. As a direct and proximate cause of the acts described above, PLAINTIFF suffered great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

40. As a further direct and proximate result of DEFENDANT DOMINGUEZ actions as set forth herein, PLAINTIFF suffered loss of her liberty and freedom, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights. PLAINTIFF has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, PLAINITFF prays:

g) Judgment for compensatory damages in excess of $15,000;

h) Judgment for exemplary damages;

i) Cost of suit;

j) Reasonable attorney's fees, pursuant to 42 U.S.C § 1988;

k) Trial by jury as to all issues so triable; and

l) Such other relief as this Honorable Court may deem just and appropriate.

### COUNT III

### VIOLATION OF FOURTH AMENDMENT EXCESSIVE FORCE CLAIM BY PLAINTIFF AGAINST DEFENDANT SAYEGH, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against DEFENDANT SAYEGH, individually, in Count III, PLAINTIFF states:

41. PLAINTIFF realleges and adopts, as if fully set forth in Count III, the

allegations of paragraphs 1 through 30.

42. This cause of action is brought by PLAINTIFF against DEFENDANT SAYEGH for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

43. While DEFENDANT SAYEGH was acting under the authority of the State of Florida and under color of law as a police officer in the employ of DEFENDANT CITY OF MIAMI BEACH, she subjected PLAINTIFF to the deprivation of rights and privileges afforded to her by the Constitution of the United States to be secure in her person against the excessive use of force under the Fourth Amendment within the meaning of 42 U.S.C. § 1983.

44. With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT SAYEGH were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights entitling PLAINTIFF to an award of exemplary damages against DEFENDANT SAYEGH in his individual capacity.

45. As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANT SAYEGH, PLAINTIFF suffered mental anguish, loss of capacity for the enjoyment of life, physical injury, expenses of traveling to court, humiliation personally, and loss of her freedom and civil rights. She suffered grievously, was brought into public scandal with great humiliation, suffered loss of income, attorney's fees, and costs of bond and defense, endured mental suffering and aggravation of her physical and mental condition and suffered a damaged reputation.

WHEREFORE, PLAINITFF prays:

    a) Judgment for compensatory damages in excess of $15,000;

    b) Judgment for exemplary damages;

    c) Cost of suit;

    d) Reasonable attorney's fees, pursuant to 42 U.S.C § 1988;

e) Trial by jury as to all issues so triable; and

f) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV

### VIOLATION OF FOURTH AMENDMENT EXCESSIVE FORCE CLAIM BY PLAINTIFF AGAINST DEFENDANT DOMINGUEZ, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against DEFENDANT DOMINGUEZ, individually, in Count IV, PLAINTIFF states:

46. PLAINTIFF realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 30.

47. This cause of action is brought by PLAINTIFF against DEFENDANT DOMINGUEZ for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

48. While DEFENDANT DOMINGUEZ was acting under the authority of the State of Florida and under color of law as a police officer in the employ of DEFENDANT CITY OF MIAMI BEACH, she subjected PLAINTIFF to the deprivation of rights and privileges afforded to her by the Constitution of the United States to be secure in her person against the excessive use of force under the Fourth Amendment within the meaning of 42 U.S.C. § 1983.

49. With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT DOMINGUEZ were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights entitling PLAINTIFF to an award of exemplary damages against DEFENDANT DOMINGUEZ in his individual capacity.

50. As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANT DOMINGUEZ, PLAINTIFF suffered mental anguish, loss of capacity for the enjoyment of life, physical injury, expenses of traveling to court, humiliation personally, and loss of her freedom and civil rights. She suffered grievously, was brought into public scandal with

great humiliation, suffered loss of income, attorney's fees, and costs of bond and defense, endured mental suffering and aggravation of her physical and mental condition and suffered a damaged reputation.

    WHEREFORE, PLAINITFF prays:

    g)    Judgment for compensatory damages in excess of $15,000;

    h)    Judgment for exemplary damages;

    i)    Cost of suit;

    j)    Reasonable attorney's fees, pursuant to 42 U.S.C § 1988;

    k)    Trial by jury as to all issues so triable; and

    l)    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT V

## MALICIOUS PROSECUTION CLAIM BY PLAINTIFF AGAINST DEFENDANT SAYEGH, INDIVIDUALLY

For her cause of action against DEFENDANT SAYEGH, individually, in Count V, PLAINTIFF states:

51.    PLAINTIFF realleges and adopts, as if fully set forth in Count V, the allegations of paragraphs 1 through 30.

52.    No reasonably cautious police officer in the position of DEFENDANT SAYEGH would have believed PLAINTIFF was guilty-in-fact of any criminal offense.

53.    DEFENDANT SAYEGH, individually, directly or proximately caused criminal proceedings to be instituted or continued against PLAINTIFF with malice and in the absence of probable cause that PLAINTIFF committed any criminal offense by causing police reports to be submitted to prosecuting authorities containing materially false statements and material omissions.

54.    The conduct of DEFENDANT SAYEGH, individually, was reckless and without regard to whether the institution of continuation of criminal proceedings against

PLAINTIFF were justified.

55. At all times material hereto, DEFENDANT SAYEGH knew that his sworn police reports would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal proceedings against PLAINTIFF.

56. The criminal proceedings instituted or continued by DEFENDANT SAYEGH reached a bona fide resolution in the favor of PLAINTIFF.

57. As a direct and proximate result of the acts described above, PLAINTIFF has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

58. As a further direct and proximate result of the conduct of DEFENDANT SAYEGH, individually, PLAINTIFF suffered loss of her liberty and freedom, loss of income, attorney expenses, cost of defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's rights.

WHEREFORE, PLAINITFF prays:

a) Judgment for compensatory damages in excess of $15,000;
b) Judgment for exemplary damages;
c) Cost of suit;
d) Trial by jury as to all issues so triable; and
e) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VI

## MALICIOUS PROSECUTION CLAIM BY PLAINTIFF AGAINST DEFENDANT DOMINGUEZ, INDIVIDUALLY

For her cause of action against DEFENDANT DOMINGUEZ, individually, in Count VI, PLAINTIFF states:

59. PLAINTIFF realleges and adopts, as if fully set forth in Count VI, the allegations of paragraphs 1 through 30.

60. No reasonably cautious police officer in the position of DEFENDANT DOMINGUEZ would have believed PLAINTIFF was guilty-in-fact of any criminal offense.

61. DEFENDANT DOMINGUEZ, individually, directly or proximately caused criminal proceedings to be instituted or continued against PLAINTIFF with malice and in the absence of probable cause that PLAINTIFF committed any criminal offense by causing police reports to be submitted to prosecuting authorities containing materially false statements and material omissions.

62. The conduct of DEFENDANT DOMINGUEZ, individually, was reckless and without regard to whether the institution of continuation of criminal proceedings against PLAINTIFF were justified.

63. At all times material hereto, DEFENDANT DOMINGUEZ knew that his sworn police reports would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal proceedings against PLAINTIFF.

64. The criminal proceedings instituted or continued by DEFENDANT DOMINGUEZ reached a bona fide resolution in the favor of PLAINTIFF.

65. As a direct and proximate result of the acts described above, PLAINTIFF has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

66. As a further direct and proximate result of the conduct of DEFENDANT DOMINGUEZ, individually, PLAINTIFF suffered loss of her liberty and freedom, loss of income, attorney expenses, cost of defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's rights.

WHEREFORE, PLAINITFF prays:

  f) Judgment for compensatory damages in excess of $15,000;

  g) Judgment for exemplary damages;

  h) Cost of suit;

  i) Trial by jury as to all issues so triable; and

  j) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VII

## BATTERY CLAIM BY PLAINTIFF AGAINST DEFENDANT SAYEGH, INDIVIDUALLY

For her cause of action against DEFENDANT SAYEGH, individually, in Count VII, PLAINTIFF states:

67. Plaintiff realleges and adopts, as if specifically stated in count VII, the allegations of paragraphs 1 through 30.

68. At all times material, DEFENDANT SAYEGH, individually commenced a course of conduct such that he intended to touch or make contact with PLAINTIFF's body, actually touched PLAINTIFF's body, the contact was harmful or offensive, and occurred without PLAINTIFF's consent.

69. At all times material, DEFENDANT SAYEGH, individually, commenced a course of conduct such that his actions occurred with great force and excessive use of force causing PLAINTIFF bodily injury.

70. Alternatively to the allegations set forth below in Counts IX and X, the said actions and conduct by DEFENDANT SAYEGH, individually, were committed outside the course and scope of his employment, or in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, DEFENDANT SAYEGH conduct occurred in his individual capacity.

71. As a direct and proximate result of the battery, PLAINTIFF has suffered

grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

72.     As a further direct and proximate result of the battery, PLAINTIFF has further suffered physical injury, endured suffering and aggravation of her physical and mental condition and suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond, humiliation personally, and damage to her reputation.

WHEREFORE, PLAINITFF prays:

a)   Judgment for compensatory damages in excess of $15,000;

b)   Cost of suit;

c)   Trial by jury as to all issues so triable; and

d)   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VIII

## BATTERY CLAIM BY PLAINTIFF AGAINST DEFENDANT DOMINGUEZ, INDIVIDUALLY

For her cause of action against DEFENDANT DOMINGUEZ, individually, in Count VIII, PLAINTIFF states:

73.     Plaintiff realleges and adopts, as if specifically stated in count VIII, the allegations of paragraphs 1 through 30.

74.     At all times material, DEFENDANT DOMINGUEZ, individually commenced a course of conduct such that he intended to touch or make contact with PLAINTIFF's body, actually touched PLAINTIFF's body, the contact was harmful or offensive, and occurred without PLAINTIFF's consent.

75.     At all times material, DEFENDANT DOMINGUEZ, individually, commenced a course of conduct such that his actions occurred with great force and excessive use of force causing PLAINTIFF bodily injury.

76.     Alternatively to the allegations set forth below in Counts IX and X, the said

actions and conduct by DEFENDANT DOMINGUEZ, individually, were committed outside the course and scope of his employment, or in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, DEFENDANT DOMINGUEZ conduct occurred in his individual capacity.

77. As a direct and proximate result of the battery, PLAINTIFF has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

78. As a further direct and proximate result of the battery, PLAINTIFF has further suffered physical injury, endured suffering and aggravation of her physical and mental condition and suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond, humiliation personally, and damage to her reputation.

WHEREFORE, PLAINITFF prays:

    e) Judgment for compensatory damages in excess of $15,000;

    f) Cost of suit;

    g) Trial by jury as to all issues so triable; and

    h) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IX

## BATTERY CLAIM BY PLAINTIFF AGAINST DEFENDANT CITY OF MIAMI BEACH

For her cause of action against DEFENDANT CITY OF MIAMI BEACH, in Count IX, PLAINTIFF states:

79. Plaintiff realleges and adopts, as if specifically stated in count IX, the allegations of paragraphs 1 through 30.

80. At all times material, DEFENDANTS CITY OF MIAMI BEACH and DEFENDANT SAYEGH commenced a course of conduct such that they intended to touch or make contact with PLAINTIFF's body, actually touched PLAINTIFF's body, the contact was harmful or offensive, and occurred without PLAINTIFF's consent.

81.     At all times material, DEFENDANT SAYEGH, individually, commenced a course of conduct such that his actions occurred with great force and excessive use of force causing PLAINTIFF great bodily injury.

82.     As a direct and proximate result of the excessive use of force, PLAINTIFF has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

83.     As a further direct and proximate result of the said excessive use of force, PLAINTIFF has further suffered physical injury, endured suffering and aggravation of her physical and mental condition and suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond, humiliation personally, and damage to her reputation.

WHEREFORE, PLAINITFF prays:

  a) Judgment for compensatory damages against DEFENDANT CITY OF MIAMI BEACH in excess of $15,000;

  b) Cost of suit;

  c) Trial by jury as to all issues so triable; and

  d) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT X

## BATTERY CLAIM BY PLAINTIFF AGAINST DEFENDANT CITY OF MIAMI BEACH

For her cause of action against DEFENDANT CITY OF MIAMI BEACH, in Count X, PLAINTIFF states:

84.     Plaintiff realleges and adopts, as if specifically stated in count X, the allegations of paragraphs 1 through 30.

85.     At all times material, DEFENDANT CITY OF MIAMI BEACH and DEFENDANT DOMINGUEZ commenced a course of conduct such that they intended to touch or make contact with PLAINTIFF's body, actually touched PLAINTIFF's body, the contact was

harmful or offensive, and occurred without PLAINTIFF's consent.

86. At all times material, DEFENDANT DOMINGUEZ, individually, commenced a course of conduct such that his actions occurred with great force and excessive use of force causing PLAINTIFF great bodily injury.

87. As a direct and proximate result of the excessive use of force, PLAINTIFF has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

88. As a further direct and proximate result of the said excessive use of force, PLAINTIFF has further suffered physical injury, endured suffering and aggravation of her physical and mental condition and suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond, humiliation personally, and damage to her reputation.

WHEREFORE, PLAINITFF prays:

e) Judgment for compensatory damages against DEFENDANT CITY OF MIAMI BEACH in excess of $15,000;

f) Cost of suit;

g) Trial by jury as to all issues so triable; and

h) Such other relief as this Honorable Court may deem just and appropriate.

Respectfully submitted, this 9th day of January, 2017

RUDENBERG & GLASSER, P.A.
Counsel for PLAINTIFF
633 SE 3rd Avenue, Suite 4F
Ft. Lauderdale, FL 33301
t.(954) 463-9518
f.(954) 463-1245
erudenberg@gmail.com

By:   /s/ Eric Rudenberg
      _____

ERIC RUDENBERG, ESQ.  
Fla. Bar No. 0081992

## SERVICE LIST

Officer Michelle Sayegh  
City of Miami Beach Police  
Miami Beach Police Department  
1100 Washington Avenue  
Miami Beach, Florida 33139

Officer Jesus Dominguez  
City of Miami Beach Police  
Miami Beach Police Department  
1100 Washington Avenue  
Miami Beach, Florida 33139

Mayor Philip Levine  
City of Miami Beach  
1700 Convention Center Drive  
Miami Beach, FL 33139  
Ph: 305.673.7035  
Fax: 305.673.7096